# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINA MERCEDES GUYTON, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2592 |
| | : | |
| BERKSHIRE HATHAWAY | : | |
| HOME SERVICES, *et al.*, | : | |
| *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**  September 27, 2018

On June 19, 2018, *pro se* Plaintiff Regina Mercedes Guyton filed this civil action against Berkshire Hathaway Home Services, Mike McCann, Richard A. Fravel, Jr., Mia Blagman, and Fox & Roach Home Services. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on June 21, 2018, the Court denied her Motion for Leave to Proceed *In Forma Pauperis* without prejudice because it did not contain sufficient financial information. Instead, Guyton had written phrases such as "accept for value" and "exempt from levy Deposit to U.S. Treasury By: Regina Authorized Rep without prejudice Exempt ID 162628792 and charge same to U.S. District Court." (ECF No. 4.) The Court directed Guyton to either submit $400.00 to the Clerk of Court or file a renewed Motion for Leave to Proceed *In Forma Pauperis* within thirty (30) days. (*Id.*) Instead of doing either, Guyton filed a "Notice re: Evidence of Full Faith and Credit," an "Objection," and two "Claims." (ECF Nos. 5, 6, 7, 8.) Accordingly, by Order entered on July 31, 2018, the Court dismissed this case without prejudice for failure to prosecute. (ECF No. 9.)

On August 20, 2018, the Court received a request for reconsideration from Guyton. (ECF No. 10.) In her request, Guyton indicates that she has "been so tied up proving [her] status and standing in other matters [she] let the time slip." (*Id.* at 1.) She asks to proceed *in forma pauperis*

1

because she is "out from work injured not receiving any steady income." (*Id.*) Guyton asserts that she has recently reapplied for SNAP benefits and that she is "not receiving any donations or have steady assistance outside of [her] grandmother who provides 20$ to maintain her wig." (*Id.*) She indicates that "therapy has provided transportation/tokens if requested outside of walking." (*Id.*) In light of Guyton's *pro se* status, the Court will grant her request for reconsideration, reopen this case, vacate its July 31, 2018 Order, and treat the statements in her request for reconsideration as a request to proceed *in forma pauperis*. For the following reasons, the Court will grant Guyton leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

I

At some time in 2018, Guyton "listed [her] property for sale . . . with the defendants." (Compl. at 3.)[1] On or about May 5, 2018, she received an officer at the listing price. (*Id.*) Guyton accepted the offer "and even reached out to [her] former attorney Erik P. Jensen about any questionable history via text." (*Id.*)

Subsequently, Guyton received an email from Richard Fravel "about title issues." (*Id.*) She "assured him that any questionable debt [she would] be more th[a]n happy to forward to the treasury and was willing to provide documentation of discharge." (*Id.*) Fravel referred Guyton to Mia Blagman, who "ask[ed her] questions about history of title that do not apply to transaction." (*Id.*)

Guyton then began receiving emails from Fravel stating that she needed to "make repairs [herself] or buyer prior to closing." (*Id.*) She was also told that the "buyer's lender would clear title." (*Id.*) After receiving Fravel's request, Guyton cancelled the deal on June 11, 2018. (*Id.*) She "received movement action in bankruptcy court to proceed [with] foreclosure." (*Id.*) Guyton "immediately filed [her] documents with the bankruptcy court." (*Id.* at 4.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

According to Guyton, Fravel "still proceeded to close this deal." (*Id.*) She then "began to receive mail in buyer name of insurance." (*Id.*) Guyton asked to speak to Mike McCann, asking "if clear title could not be obtained why was buyer obtaining insurance for a property they had not closed on." (*Id.*) On June 18, 2018, Guyton received her last email from Blagman, indicating that "the reps at Wells Fargo stated that they were more th[a]n willing to provide a mortgage payoff if [Guyton] call[ed] in." (*Id.*) Guyton asserts, however, that for more than ten (10) years Wells Fargo has stated that they have "no record of [her] ever having executed any business regarding [the] property." (*Id.*) She states that the "McCann team" removed the sale sign on June 19, 2018, even though Guyton "did not unlist the property." (*Id.*)

Guyton indicates that she is invoking this Court's federal question jurisdiction to raise claims concerning violations of the Fair Housing Act. (*Id.* at 2.) She also vaguely mentions that the Defendants defamed her character. (*Id.* at 5.) As relief, Guyton asks for $10 million from each Defendant. (*Id.*)

II

The Court will grant Guyton leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Guyton is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A

Guyton vaguely asserts that the Defendants have violated the Fair Housing Act. While she does not cite to a specific provision of the act, section 3605 states that it is unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. §3605(a). Nothing in the Complaint, however, suggests that the Defendants discriminated against Guyton based upon any one or more of these characteristics. Accordingly, Guyton's Fair Housing Act claims will be dismissed.

B

Guyton also vaguely contends that the Defendants defamed her character. To the extent she is asserting a defamation claim pursuant to 42 U.S.C. § 1983, nothing in the Complaint sets forth a basis for concluding that the Defendants could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Thus, any defamation claims brought pursuant to § 1983 will also be dismissed.[2]

If Guyton is attempting to assert state law tort claims, including a claim for defamation, against the Defendants, it does not appear that the Court has diversity jurisdiction over such claims.

---

[2] In any event, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). Guyton fails to allege that she was deprived of "some additional right or interest" because of any allegedly false statements made by the Defendants.

Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, the Complaint suggests that McCann, Fravel, and Blagman are residents of Pennsylvania, as is Guyton herself. (Compl. at 1-2.) Moreover, the Complaint is devoid of information regarding the business forms for Berkshire Hathaway Home Services and Fox & Roach Home Services, *i.e.*, whether they are non-profit corporations or another type of business organization, which is necessary for determining their citizenships. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Given this, the Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

In sum, the Court cannot discern any plausible claims for relief against any of the Defendants at this time. In deference to Guyton's *pro se* status, the Court will give her leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that she can state a plausible claim for relief. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the

basis for Guyton's claims against each defendant.  If Guyton fails to file an amended complaint, her case may be dismissed without prejudice for failure to prosecute without further notice.

IV

For the foregoing reasons, the Court will grant Guyton's request for reconsideration, reopen this case, and vacate the July 31, 2018 Order.  The Court will also grant Guyton leave to proceed *in forma pauperis* and dismiss her Complaint.  This dismissal will be without prejudice to Guyton's right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**