# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINA MERCEDES GUYTON, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2592 |
| | : | |
| BERKSHIRE HATHAWAY | : | |
| HOME SERVICES, *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                **OCTOBER 23, 2018**

      On June 19, 2018, *pro se* Plaintiff Regina Mercedes Guyton filed this civil action against Berkshire Hathaway Home Services, Mike McCann, Richard A. Fravel, Jr., Mia Blagman, and Fox & Roach Home Services. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on June 21, 2018, the Court denied her Motion for Leave to Proceed *In Forma Pauperis* without prejudice because it did not contain sufficient financial information. Instead, Guyton had written phrases such as "accept for value" and "exempt from levy Deposit to U.S. Treasury By: Regina Authorized Rep without prejudice Exempt ID 162628792 and charge same to U.S. District Court." (ECF No. 4.) The Court directed Guyton to either submit $400.00 to the Clerk of Court or file a renewed Motion for Leave to Proceed *In Forma Pauperis* within thirty (30) days. (*Id.*) Instead of doing either, Guyton filed a "Notice re: Evidence of Full Faith and Credit," an "Objection," and two "Claims." (ECF Nos. 5, 6, 7, 8.) Accordingly, by

1

Order entered on July 31, 2018, the Court dismissed this case without prejudice for failure to prosecute. (ECF No. 9.)

On August 20, 2018, the Court received a request for reconsideration from Guyton. (ECF No. 10.) In her request, Guyton indicated that she has "been so tied up proving [her] status and standing in other matters [she] let the time slip." (*Id.* at 1.) She asked to proceed *in forma pauperis* because she is "out from work injured not receiving any steady income." (*Id.*) Guyton asserted that she has recently reapplied for SNAP benefits and that she is "not receiving any donations or have steady assistance outside of [her] grandmother who provides 20$ to maintain her wig." (*Id.*) She indicated that "therapy has provided transportation/tokens if requested outside of walking." (*Id.*)

By Memorandum and Order entered on September 27, 2018, the Court granted Guyton's request for reconsideration, reopened this case, vacated its July 31, 2018 Order, and treated the statements in her request for reconsideration as a request for leave to proceed *in forma pauperis*. (ECF No. 11, 12.) The Court also granted Guyton leave to proceed *in forma pauperis* and dismissed her Complaint. (*Id.*) Specifically, the Court concluded that Guyton had not stated a claim for a violation of the Fair Housing Act and that she had not set forth a defamation claim under 42 U.S.C. § 1983. (ECF No. 11 at 4.) The Court also noted that it did not appear to have diversity jurisdiction over any state law claims Guyton may be asserting. (*Id.* at 4-5.) The Court granted Guyton leave to file an amended complaint.

The Court received Guyton's Amended Complaint on October 19, 2018. (ECF No. 13.) The Amended Complaint, however, does not cure the defects identified in the initial Complaint. Accordingly, for the following reasons, the Court will dismiss Guyton's Amended Complaint.

I

At some time in May of 2018, Guyton listed her property for sale "with the defendants." (Am. Compl. at 1.)[1]  On May 2, 2018, she received an offer for $92,000.00, the listing price. (*Id.*)  Fravel "emailed [her] about tile issues [and she] informed him that all verified debt would be forwarded to the treasury and that [she] had counsel that would be assisting [her] at signing with all [her] secured transactions/negotiable instruments if they had any questions." (*Id.*)

Guyton alleges that Mia "sent emails asking about history that did not pertain to this transaction." (*Id.*)  For example, Mia asked Guyton about her ex-husband and her sister. (*Id.*)  Mia told Guyton that she had to pay an inheritance tax, which Guyton states did not apply. (*Id.*)  At some point, Guyton was notified that the buyer was "willing to Clear Title and proceed with transaction after all the questioning." (*Id.*)

Settlement was set for June 7, 2018, but was then moved to June 22, 2018. (*Id.*)  On June 11, 2018, Guyton received a "Frivolous notice of movement action in [bankruptcy] court." (*Id.*)  She also received an email from Fravel "requesting all these[] OUT OF POCKET pre SETTLEMENT fees be put out in order to close the

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

deal." (*Id.* at 2.) Guyton refused, stating that the property was for sale as is. (*Id.*) "[A]t some point during that week insurance packets in Buyers name began showing up." (*Id.*) Guyton reached out to Mr. McCann for assistance, but was told to stop forwarding him emails. (*Id.*)

Guyton then learned that a bid for $110,000.00 had been received. (*Id.*) She asked Fravel "to discontinue the first officer because of the controversy." (*Id.*) Fravel refused, stating that the first offer would be accepted. (*Id.*) Emails "were still coming in about the up coming settlement." (*Id.*) Guyton, however, "clearly expressed that the property will remain listed for the best offer and possibility of rental." (*Id.*) On June 19, 2018, "the MCCANN team removed the sign," but Guyton states that the property was not unlisted. (*Id.*)

Guyton states that she is "not a[n] attorney just a constituent operating in commerce." (*Id.*) She informs the Court that the deed to the property "is solely in the Estate of REGINA MERCEDES GUYTON." (*Id.*) Guyton vaguely asserts that the Defendants defamed her and that there are "a number of violations one could tabulate under Title 18 alone." (*Id.* at 3.) As relief, Guyton seeks $92,000.00, as well as the $110,000.00 offer that was dismissed "and any possibility of rents that would have been received." (*Id.* at 2.)

II

Because the Court previously granted Guyton leave to proceed *in forma pauperis*, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to

state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Guyton is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

As noted above, Guyton again vaguely contends that the Defendants defamed her character. To the extent she is again asserting a defamation claim pursuant to 42 U.S.C. § 1983, nothing in the Amended Complaint sets forth a basis for concluding that the Defendants could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Thus, any defamation claims brought pursuant to § 1983 will be dismissed.[2]

---

[2] In any event, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul v. Davis*, 424 U.S. 693, 701-12 (1976)). Therefore, a plaintiff must plead a "stigma-plus" claim in her complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). Guyton fails to allege that she was deprived of "some additional right or interest" because of any allegedly false statements made by the Defendants.

5

Guyton also mentions that there are "a number of violations one could tabulate under Title 18 alone." (Am. Compl. at 3.) The Court construes Guyton's reference to be to Title 18 of the United States Code, which sets forth a multitude of federal criminal offenses. Criminal statutes, however, generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Thus, any claims brought pursuant to criminal statutes will be dismissed.

If Guyton is attempting to assert state law tort claims, including a claim for defamation, against the Defendants, she has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over such claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, while Guyton seeks over $75,000.00 in damages, she has again failed to include allegations regarding the citizenship of the Defendants. Given this, the Amended Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

IV

For the foregoing reasons, the Court will dismiss Guyton's Amended Complaint. Guyton's claims brought pursuant to federal law will be dismissed with prejudice. Any state law tort claims will be dismissed without prejudice for lack of subject matter jurisdiction. Because Guyton has been given an opportunity to amend and has not alleged anything that gives rise to a clear basis for a claim over which this Court has jurisdiction, the Court concludes that further attempts to amend would be futile. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**